J-A12034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
ALBERT DIPRIMEO   :
  :
Appellant   :   No. 2565 EDA 2016

Appeal from the Judgment of Sentence February 29, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013858-2014

BEFORE: BOWES, J., OTT, J., and FORD ELLIOTT, P.J.E.

CONCURRING MEMORANDUM BY BOWES, J.: **FILED NOVEMBER 05, 2018**

In his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, Appellant raises a standard claim that his plea was invalid. Had he articulated an ineffective assistance of counsel claim, I would agree with my esteemed colleagues that it should be deferred to collateral review.[1] At its essence, however, Appellant's claim is that he was incompetent to plead guilty due to mental illness, which the trial court found waived because Appellant did not object at the plea hearing or file a motion seeking to withdraw his plea on that basis.

---

[1] I suspect that Appellant's reframing of the issue on appeal as one of ineffective assistance of counsel was an attempt to avoid the trial court's waiver finding.

In agreeing with the trial court's waiver finding, and deferring the ineffective assistance of counsel issue to collateral review, my colleagues rely upon **Commonwealth v. Lincoln**, 72 A.3d 606 (Pa.Super. 2013), for the proposition that in order to preserve a challenge to the validity of a guilty plea, a defendant must either object during the colloquy or file a post-sentence motion to withdraw the plea. The rationale for requiring that action is that the court accepting the plea should be afforded the opportunity to consider and correct any error that may have been committed. **Id**.

I submit that, while that rationale is served when attacking the validity of a plea, here we are reviewing the mental competency of an accused. We have held that competence is "an absolute and basic condition of a fair trial," and that "the conviction of an accused person while he is legally incompetent violates due process." **Commonwealth v. Bruno**, 255 A. 2d 519, 522 n.1 (Pa. 1969) (quoting **Pate v. Robinson**, 383 U.S. 375, 378 (1966)).

Hence, I depart from my colleagues in their affirmance of the trial court's finding that the issue of Appellant's competency was waived due to his failure to file a motion to withdraw the plea. Our courts have consistently held that mental competency to participate in a proceeding is not waivable and can be considered whenever raised. **See Commonwealth v. Higgins**, 424 A.2d 1222, 1225 (Pa. 1980); **see also Commonwealth v. Tyson**, 402 A.2d 995 (1979) (holding mental competency claim shielded from judicial waiver principles by "relaxed waiver" rule governing direct appeal review of such

- 2 -

claims); ***Commonwealth v. Marshall***, 318 A.2d 724, 727 (Pa. 1974) (finding no waiver where counsel failed to raise appellant's mental competency prior to or during trial).

In ***Commonwealth v. Brown***, 872 A.2d 1139 (Pa. 2005), our High Court reaffirmed the position in ***Commonwealth v. Santiago***, 855 A.2d 682, 691-92 (Pa. 2004) (plurality), that in a PCRA, it could reach the issue of a petitioner's alleged incompetency at trial even though he failed to raise it at trial or on direct appeal. In ***Santiago***, the plurality cited the direct appeal cases finding no waiver, and pronounced that mental competency claims are an exception to the statutory command that issues not raised at trial or on appeal are waived under the PCRA. While acknowledging that usually a claim that is not raised below or on direct appeal is waived, the ***Brown*** Court reiterated the holding in ***Marshall***, ***supra***, that the issue of whether a defendant was competent to stand trial was an exception to the waiver rule. The Court also cited the reasoning of the United States Supreme Court in ***Pate***, ***supra*** at 384, that it was "contradictory to argue that a defendant may be incompetent, and yet knowingly and intelligently 'waive' his right to have the court determine his capacity to stand trial." ***Brown***, ***supra*** at 1153.

Based on the foregoing authority, I believe the issue of Appellant's competency to enter a plea was not waived. The test for determining competency to enter a plea is whether the defendant "had the opportunity at the appropriate time to consult with counsel, understand counsel's advice and

information and understand the nature of the pending criminal proceedings against him." **Commonwealth v. Smith**, 469 A.2d 1104, 1107 (Pa.Super. 1983) (citing **Commonwealth v. Scott**, 414 A.2d 388 (Pa.Super. 1979), and **Marshall**, **supra**). Since the determination of competency is a matter for the sound discretion of the trial court, we may not disturb that finding absent a clear abuse of that discretion. **Commonwealth v. Frey**, 904 A.2d 866, 872 (Pa. 2006).

The record reveals that Appellant's mental health status came under scrutiny immediately following his arrest. One week following Appellant's arrest, the court ordered a mental health evaluation to determine whether he was competent to stand trial. He was deemed incompetent and detained for sixty days in the Philadelphia Detention Center. Dr. Miles Ladenheim, M.D., J.D., a court-appointed forensic psychiatrist, opined in his September 9 and October 13, 2014 reports that Appellant was incompetent to stand trial, concluding that his "rapid [and] pressured speech, racing thoughts, flight of ideas, grandiose ideations and marked difficulty redirecting him back to the focus of the topic under discussion" precluded him from "having a sufficient present ability to consult with an attorney with a reasonable degree of rational understanding." Appellant's brief at Exhibit C. Dr. Ladenheim's opinion changed in his November 11, 2014 report. He noted that Appellant could understand the proceedings, and participate and assist in his defense, and was thus competent to stand trial as long as he continued to receive treatment

and medications.  Mental Health Report, 11/11/14, at 4.  Appellant's public defender disagreed with that assessment, however, and Appellant's commitment was extended by agreement.  On November 21, 2014, Appellant was deemed competent, and at a later proceeding, he was held for court.

Six months later, on July 20, 2015, Appellant entered into the negotiated guilty plea.  At the guilty plea colloquy, when asked by the Court whether he had been or was currently being treated for any mental illness, Appellant responded, "No."  N.T., 7/20/15, at 3.  He also denied that he was under the influence of any medication or drugs.  *Id*.  Nonetheless, he acknowledged that he had reviewed the guilty plea colloquy form with his attorney, that he understood the elements of the charges to which he was pleading guilty, and that he was foregoing his right to a jury trial.

After the Commonwealth's attorney placed on the record the basis for the plea, defense counsel corrected her client's responses to the colloquy regarding his mental health:

> My client, in fact, has been diagnosed with mental health issues from our Mental Health Unit.  He was initially incompetent on this matter.  So I just want to clarify the record.  When he was evaluated in September – the report dated September 29, 2014 had my client as not competent.  And the report of October 24, 2014 had him as not competent.  He was subsequently evaluated with a report date of November 11, 2014, at which point he was deemed competent.  I have represented my client almost since the very inception of this case, and it is my belief that my client is absolutely competent and, in fact, does understand everything that's happening in court.  He has understood all of my visits to him, all of our conversations.  I was there yesterday, Sunday, July

19th, for quite some time to visit with him, and I believe he was competent and was able to engage fully with me at that time.

*Id*. at 4.

Following counsel's representation, the court asked Appellant how he pled, and he responded, "Guilty." The court accepted the plea, implicitly finding him competent despite his history of mental illness. Appellant, through counsel, waived a presentence investigation, and he was sentenced on some of the charges. Sentencing was deferred on the attempted rape charge pending assessment by the Sexual Offender Assessment Board. Appellant was advised that he had ten days to file a motion to reconsider, and thirty days to file an appeal. *Id*. at 10-11.[2] On February 29, 2016, the negotiated sentence of ten to twenty years imprisonment was imposed on the attempted rape charge via a video conference with Appellant.

Based on the record, I would reach the merits of the competency issue and affirm the judgment of sentence. According to the psychiatric evaluation, as well as counsel's representation, Appellant had sufficient ability at the time he entered the plea to "consult with counsel, understand counsel's advice and information and understand the nature of the pending criminal proceedings against him." *Smith*, *supra* at 1107. Thus, I believe the record supports a finding that he was competent to enter the plea.

_____

[2] Appellant was not advised either at the plea hearing or the February 29, 2016 sentencing on the attempted rape charge, that he could file a post-sentence motion to withdraw his guilty plea.

For these reasons, I concur in the result only.